**Ruben HERNANDEZ CORONA,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 09–73927.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Oct. 31, 2011.

Elsa Ines Martinez, Esquire, Xavier Rosas, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

Oil, David V. Bernal, Assistant Director, Yedidya Cohen, Trial, Jennifer Paisner, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Ruben Hernandez Corona, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Nunez–Reyes v. Holder,* 646 F.3d 684, 688 (9th Cir.2011) (en banc), and we deny the petition for review.

Hernandez Corona's violation of the terms of his grant of deferred entry of judgment under Cal.Penal Code § 1000 et seq. would have rendered him ineligible for a disposition under the Federal First Offender Act had his crime been prosecuted in federal court. *See* 18 U.S.C. § 3607(a) (allowing for dismissal of proceedings, either during or at the end of a period of probation, "if the person has not violated a condition of his probation"). Accordingly, the subsequent expungement of Hernandez Corona's conviction under Cal.Penal Code § 1203.4 does not eliminate its immigration consequences. *See Estrada v. Holder,* 560 F.3d 1039, 1042 (9th Cir.2009); *see also Nunez–Reyes,* 646 F.3d at 713 ("[P]ersons who received the benefit of a state expungement law were not subject to deportation as long as they *could* have

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

received the benefit of the FFOA if they had been prosecuted under federal law.") (emphasis in original) (citation and quotations omitted).

**PETITION FOR REVIEW DENIED.**